# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **BIODESIX, INC.,** | ) |
| Plaintiff, | ) |
| v. | ) |
| **CIRCULOGENE THERANOSTICS, LLC, JOSEPH FLANAGAN, AMANDA RISHER, and MARK TYLER MCCURRY,** | ) Case No. 2:18-cv-01865-AKK |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants Mark Tyler McCurry and Amanda Risher's motion to dismiss Biodesix's claims against them for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Doc. 23. Biodesix filed suit against McCurry, Risher, Joseph Flanagan, and Circulogene Theranostics, LLC, alleging that three of its former employees—McCurry, Risher, and Flanagan—illegally solicited Biodesix clients, employees, and collaborators on behalf of their current employer Circulogene. Doc. 1 ¶¶ 29-35. Biodesix has brought claims against McCurry for breach of contract (Counts I, II, and V), against Risher for breach of contract (Counts I, II, III), and against both of them for tortious interference with contract (Count VI).

1

In their motion, McCurry and Risher maintain that they are residents of South Carolina and North Carolina, respectively, who lack sufficient contacts with Alabama for this court to exercise personal jurisdiction over them. Doc. 23; 23-1 ¶¶ 3-5; 23-2 ¶¶ 3-5. Biodesix, a Colorado-based company, counters that specific personal jurisdiction exists due to McCurry and Risher's alleged contacts with Circulogene, which is headquartered in Alabama, and with Circulogene's Alabama-based employees, including Flanagan. Docs. 24 at 1-2; 1 ¶¶ 1-3.[1]

"A federal court sitting in diversity may exercise jurisdiction over a nonresident defendant to the same extent as a court of that state." *Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.*, 207 F.3d 1351, 1355 (11th Cir. 2000). Under its long-arm statute, "Alabama permits its courts to exercise jurisdiction over nonresidents to the fullest extent allowed under the Due Process Clause of the Fourteenth Amendment to the Constitution." *Id.* at 1355–56 (citation omitted). For personal jurisdiction over a non-resident defendant, the Due Process Clause "only requires" that the person or entity has sufficient "minimum contacts" with that

---

[1] Under Federal Rule of Civil Procedure 12(b)(2), "[a] plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). After the defendant challenges jurisdiction with affidavit evidence, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction unless [the defendant's] affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd*., 288 F.3d 1264, 1269 (11th Cir. 2002). If, however, "the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." *Id*.

state and the suit does not offend "traditional notions of fair play and substantial justice." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980).

The Due Process Clause permits two types of personal jurisdiction—"general" and "specific" personal jurisdiction. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923-24 (2011). Here, because McCurry and Risher are not domiciled in Alabama, general jurisdiction does not apply and only specific jurisdiction is at issue. *See id*. at 924 ("[T]he paradigm forum for the exercise of general jurisdiction is the individual's domicile."). Accordingly, the court must apply the Eleventh Circuit's three-part test for specific jurisdiction:

> (1) whether the plaintiff's claims "arise out of or relate to" at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant "purposefully availed" himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice."

*Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013) (citations omitted).[2]

The first prong of this test "focus[es] on the direct causal relationship among 'the defendant[s], the forum, and the litigation.'" *Fraser v. Smith,* 594 F.3d 842, 850 (11th Cir. 2010) (citation omitted). Arguably, Biodesix's claims "arise out of" at least one of these Defendants' contacts with Alabama: the alleged tortious

---

[2] "The plaintiff bears the burden of establishing the first two prongs, and if the plaintiff does so, 'a defendant must make a compelling case' that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice.'" *Id*. (citation omitted).

3

interference would not have occurred but for McCurry and Risher's employment contracts with Circulogene. *See Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1314 (11th Cir. 2018) (noting that "a tort 'arise[s] out of or relate[s] to' the defendant's activity in a state only if the activity is a 'but-for' cause of the tort."); doc. 1 ¶ 2.

Nevertheless, specific jurisdiction does not apply because McCurry and Risher have not "'purposefully availed' themselves of the privilege of conducting activities" in Alabama. *See Mosseri*, 736 F.3d at 1355. The mere fact that McCurry and Risher contracted with Circulogene does not establish "purposeful availment." *See Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1268 (11th Cir. 2010) ("[E]ntering a contract with a citizen of another state, standing alone, does not automatically satisfy the minimum contacts test."). Biodesix has failed to identify "further contacts or plus factors" that "indicate the defendant[s] 'deliberate[ly] affiliat[ed]' with the forum, and thus should reasonably anticipate defending a suit there." *Id*. at 1268-69 (citation omitted). Beyond communicating with Flanagan and other Circulogene employees based in Alabama, McCurry and Risher have had very little contact with Alabama. *See* docs. 23-1 ¶¶ 22-23; 23-2 ¶¶ 20-21. For example, Risher has never visited Alabama for Circulogene-related purposes, and McCurry's sole Circulogene-related visit prior to this litigation was for a lunch with another Circulogene employee. Docs. 23-1 ¶ 20; 23-2 ¶¶ 7-8.

Moreover, as Circulogene employees, McCurry and Risher's responsibilities do not include soliciting or communicating with customers in Alabama. *See* docs. 23-1 ¶¶ 14, 22-23; 23-2 ¶¶ 13, 20-21. Finally, McCurry and Risher's sales territories did not include Alabama when they worked for Biodesix. Docs. 23-1 ¶15, 17; 23-2 ¶¶ 14-15. On this record, Biodesix has failed to meet its burden for the second prong and, thus, cannot establish personal jurisdiction.

## CONCLUSION

In light of Biodesix's failure to satisfy the second prong of the personal jurisdictional analysis, the court "need not address whether the exercise of personal jurisdiction would violate the Due Process Clause." *See Prunty v. Arnold & Itkin LLP,* No. 18-10812, 2018 WL 4929504, at *2 n.2 (11th Cir. Oct. 11, 2018). Therefore, the court cannot exercise personal jurisdiction over McCurry and Risher, and their motion to dismiss, doc. 23, is due to be **GRANTED**. Accordingly, Biodesix's claims against McCurry and Risher are **DISMISSED WITHOUT PREJUDICE**.

**DONE** the 9th day of January, 2019.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE